IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Scott Cowart, | ) | C/A No.: 2:15-1617-RBH-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| County of Greenville; Assistant County Administrator John Vandermasten; Operation Administrator Scotti Bodiford; Medical Administrator Tracy Krein; Physician Assistant Rae; Clinical Supervisor April Roberts; and GCDC Employee Lisa McCombs, | ) ) ) ) ) ) ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendants. | ) ) | |

Michael Scott Cowart ("Plaintiff"), proceeding pro se and in forma pauperis, is a pre-trial detainee incarcerated at the Greenville County Detention Center ("GCDC"). He filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. Plaintiff sues Greenville County, Assistant County Administrator John Vandermasten, Operations Administrator Scotti Bodifer, Medical Administrator Tracy Krein, Physician Assistant Rae, Clinical Supervisor April Roberts, and GCDC Employee Lisa McCombs ("Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff filed this complaint alleging claims for deliberate indifference, deprivation of medical care, and obtaining funds under false pretense. [ECF No. 1 at 2]. Plaintiff alleges that he was in an automobile accident on October 7, 2014, and claims that he broke his ankle, foot, had internal injuries, and a cracked tailbone. *Id.* Plaintiff states that he was arrested on October 12, 2014, and was treated by medical at Greenville County Detention Center ("GCDC"). *Id.* Plaintiff contends that as a result of his injuries it was determined by the orthopedic surgeon that he would receive an extra mattress to alleviate the pain and discomfort caused by chronic arthritis and a cracked tailbone. *Id.* He also states that he was prescribed two 50 mg Tramadol pills three times a day for pain and discomfort associated with his condition until his release in January 2015. *Id.*

Plaintiff alleges that he was re-booked into GCDC on January 14, 2015. *Id.* Plaintiff argues that from January 14 to January 26, 2015, GCDC experimented with several different medications in order to treat his condition. *Id.* Plaintiff claims that he was then allowed to see an orthopedic surgeon "who reinstated his previous pain management schedule." *Id.* Plaintiff claims that during this visit he was denied an extra mattress "that was previously a part of [his] pain management diagnosis." *Id.* Plaintiff states that he had a follow up orthopedic appointment on February 23, 2015, and states that he was again denied an extra mattress although he was experiencing pain and discomfort. *Id.* Plaintiff alleges that approximately three days later his medicine was discontinued leaving Plaintiff to experience "excruciating withdrawals and unbearable pain." *Id.* at 4. Plaintiff asserts that he complained to "counsel woman" [sic] Lottie

Gibson and he was prescribed a small dose of Tramadol. *Id.* Plaintiff claims that over the next 31 days he suffered excruciating pain and discomfort. *Id.* Plaintiff contends that as a result of the pain he met with Lori Phillips, GCDC mental health, on March 6, 2015, "to help [him] with meds to help medical with the problem that was put upon [him] by the [GCDC] medical department." *Id.* Plaintiff also alleges that on January 26, 2015, he was charged $10 for an orthopedic visit although GCDC handbook states that there is a $5 co-pay per visit. *Id.* at 5. Plaintiff claims that on February 23, 2015, and March 23, 2105, he was only charged $5 for the same visit. *Id.* Plaintiff seeks monetary damages. *Id.*

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the

development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

1.     Medical Indifference

Plaintiff complains that he was improperly denied an extra mattress and pain medication during his current incarceration although the medication and mattress were part of his pain management plan during his October 7, 2014, to January 2015, incarceration. Deliberate indifference is a very high standard requiring more than a showing of mere negligence, *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976), and "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Farmer v. Brennan*, 511 U.S. 825, 835–36 (1994) (providing greater explanation of the level of culpability required for deliberate indifference). The Fourth Circuit has noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted).

Plaintiff admits that GCDC medical staff prescribed him several medications in an effort to treat his condition, that he saw an orthopaedic surgeon on two occasions who also prescribed pain medication, and states that he was prescribed a smaller dose of pain medication when he complained of "pain and withdrawals" after his earlier medication was discontinued. The Constitution requires that prisoners be provided with a certain minimum level of medical treatment, but it does not guarantee to a prisoner the treatment of his choice. *Thomas v. Anderson City Jail*, No. 6:10-3270-RMG-KFM, 2011 WL 442053, at *3 (D.S.C. Jan. 19, 2011). Plaintiff's belief that he should have received additional or different treatment does not constitute deliberate indifference to his serious medical needs. *See, e.g., Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). Further, a disagreement as to the proper treatment does not in and of itself state a constitutional violation. *See Brown v. Thompson*, 868 F. Supp. 326, 331 (S.D. Ga. 1994) (finding that although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary). Accordingly, Plaintiff's medical indifference claim is subject to summary dismissal. To the extent Plaintiff also alleges a claim of negligence and medical malpractice, the law is well settled that a claim of negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335–36 n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986); *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995) (noting that *Daniels* bars an action under § 1983 for negligent conduct).

      2.      Deprivation of Property

Plaintiff asserts that Defendants improperly charged him $10 for an office visit. [ECF No. 1 at 4]. The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. However, the Due Process Clause is not implicated by a negligent act of a governmental official causing unintended loss of or injury to life, liberty, or property. *Daniels*, 474 U.S. 327. Moreover, an intentional deprivation of property by a governmental employee does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Bogart v. Chapell*, 396 F.3d 548, 561–63 (4th Cir. 2005) (finding that intentional destruction of a plaintiff's property did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for such loss). In South Carolina, a prisoner may bring an action for recovery of personal property against officials who deprive them of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)). As Plaintiff has an adequate state remedy available to address Defendants' alleged improper taking of his money, this claim is subject to summary dismissal.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

May 7, 2015
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).