UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Michael Scott Cowart, ) | Civil Action No.: 2:15-cv-01617-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| County of Greenville, Assistant County ) | |
| Administrator John Vandermasten, ) | |
| Operation Administrator Scotti Bodiford, ) | |
| Medical Administrator Tracy Krein, ) | |
| Physician Assistant Rae, Clinical Supervisor ) | |
| April Roberts, and GCDC Employee Lisa ) | |
| McCombs, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Michael Scott Cowart, a pretrial detainee housed at the Greenville County Detention Center and proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983 against the above named Defendants. *See* Complaint, ECF No. 1. The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Mary Gordon Baker.[1] *See* R & R, ECF No. 10. The Magistrate Judge recommends the Court dismiss Plaintiff's complaint without prejudice and without issuance of service of process. R & R at 1, 6.

## Background

Plaintiff has filed a complaint against Defendants alleging they (1) acted in deliberate

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to the Magistrate Judge for pretrial handling. R & R at 1. The Magistrate Judge conducted her review of Plaintiff's complaint in accordance with the screening provisions of 28 U.S.C. § 1915(e)(2). *Id.* at 3. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

indifference to his serious medical need for treatment for pain resulting from a fractured tailbone and chronic arthritis; and (2) obtained funds from him under false pretenses. Complaint at 2-5. He claims Defendants refuse to provide him an extra mattress and higher dosages of pain medication, and asserts they overcharged him by five dollars for a doctor's appointment. *Id.* Plaintiff seeks compensatory and punitive damages. *Id.* at 6.

The Magistrate Judge recommends dismissing Plaintiff's complaint without prejudice and without issuance of service of process. R & R at 1, 6. Plaintiff has submitted a filing entitled "Motion to Amend Recommendation to Dismiss."[2] *See* ECF No. 12 (hereinafter "Pl.'s Objs."). The Court construes this filing as an objection to the Magistrate Judge's R & R. *See Gordon*, 574 F.2d at 1151 (stating a court should liberally construe filings by pro se litigants).

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error

---

[2] Plaintiff also filed a motion requesting appointment of counsel, a motion for temporary injunctive relief, a motion to submit evidence, and four declarations (two signed by Plaintiff and two signed by inmates incarcerated with Plaintiff). *See* ECF Nos. 13, 15, 15-1, 16, 19, & 21.

2

in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## **Discussion**

The Magistrate Judge recommends dismissing Plaintiff's claim of deliberate medical indifference because Plaintiff's disagreement with the scope of the medical treatment he has received does not state a constitutional violation. R & R at 5. The Magistrate Judge further notes that to the extent Plaintiff asserts claims for negligence and medical malpractice, such claims are not cognizable under 42 U.S.C. § 1983. *Id.* Regarding Plaintiff's allegation that Defendants obtained monetary property from him under false pretenses, the Magistrate Judge recommends finding this claim is not actionable under § 1983 because Plaintiff has an adequate state remedy (under sections 15-69-10 to -210 of the South Carolina Code of Laws (2005)) sufficient to satisfy due process requirements. R & R at 6.

The Court first disposes of those portions of Petitioner's objections that do not challenge the Magistrate Judge's findings. In his objections, as well as two declarations from himself and two declarations from prisoners housed with him, Petitioner rehashes and supplements the allegations made in his complaint, presenting many new facts not originally pled. *Compare* Complaint at 2-5, *with* Pl.'s Objs. at 1-3, *and* ECF Nos. 15-1, 16, & 19. Petitioner also asks that the Court (a) order the Greenville County Detention Center to allow him to undergo an independent medical examination and (b) order the results be sent directly to the Court. Pl.'s Objs. at 1-2. Finally, Petitioner asks that the Court allow

his case to proceed so that he may issue interrogatories that allegedly would provide grounds on which he could amend his complaint. *Id.* at 2-3.

The Court reiterates that it may only consider objections that direct it to *specific error* in the R & R. *See Camby*, 718 F.2d at 199-200; *Orpiano*, 687 F.2d at 47. The rehashings and supplementations summarized in the previous paragraph do not challenge any part of the Magistrate Judge's R & R. Plaintiff cannot use his objections to plead new facts not alleged, or to seek new relief not requested, in his complaint. *See* 28 U.S.C. § 636(b)(1) (providing de novo review encompasses a "determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); Fed. R. Civ. P. 72(b)(2) (same); *cf. United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) (specifying a district court has the duty "to consider all *arguments* . . . , regardless of whether they were raised before the magistrate" (emphasis added)); *Backus v. Cox*, No. 4:13-CV-00881-RBH, 2013 WL 5707328, at *2 (D.S.C. Oct. 18, 2013) ("Plaintiff, however, cannot use his objections to plead new claims or cure the factual defects of his existing claims against Defendant . . . ."). Accordingly, the Court need not consider those portions of Petitioner's objections that do not dispute the Magistrate Judge's findings and recommendations.

Petitioner does, however, raise two specific objections. He objects to the Magistrate Judge's application of (1) *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), to his claim for deliberate medical indifference and (2) *Hudson v. Palmer*, 468 U.S. 517, 533 (1984), to his claim for deprivation of property. Pl.'s Objs. 1-2. Regarding *Miltier*, the Magistrate Judge cited this case for the standard Petitioner must meet to show Defendants acted with deliberate indifference to his serious medical need. R & R at 4; *see Miltier*, 896 F.2d at 851 ("To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent,

inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."). The Court has conducted a de novo review of the allegations in Plaintiff's complaint, and it finds no error in the Magistrate Judge's application of *Miltier*. As the Magistrate Judge found, Plaintiff's allegations do not rise to the level of deliberate indifference actionable under § 1983. *See* R & R at 5. The medical treatment that Plaintiff alleges he received does not shock the conscience or appear inconsistent with fundamental fairness. *See Miltier*, 896 F.2d at 851. The Court agrees with the Magistrate Judge that summary dismissal is proper as to Plaintiff's claim of deliberate medical indifference.

Concerning *Hudson*, Petitioner argues this case supports his contention that he was deprived of his monetary property. Pl.'s Objs. at 2. Petitioner's argument is nothing more than a misreading of *Hudson*. As the United States Supreme Court held in *Hudson*—and as the Magistrate Judge correctly recognized in the R & R—intentional deprivations of property do not violate due process if "adequate state post-deprivation remedies are available." *Hudson*, 468 U.S. at 533 ("[W]e hold that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post[-]deprivation remedy for the loss is available."). Here, the adequate state post-deprivation remedy is a civil action in state court pursuant to sections 15-69-10 to -210 of the South Carolina Code of Laws (2005).[3] *See generally* S.C. Code Ann. § 15-69-10 (2005) ("The plaintiff, in an action to recover the possession of personal property, may, at the time of issuing the summons, or at any time before answer, claim the immediate delivery of such property, as provided in this chapter."); § 15-69-210 ("In an action to recover the possession of personal property judgment for the plaintiff may be for the

---

[3] Plaintiff's claim "would not have been barred by the doctrine of sovereign immunity. State officials are not immune from liability for ministerial acts performed contrary to their duties." *McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing *Long v. Seabrook*, 260 S.C. 562, 197 S.E.2d 659 (1973), and *Milligan v. S. Carolina Dep't of Highways & Pub. Transp.*, 283 S.C. 59, 61, 320 S.E.2d 505, 507 (Ct. App. 1984)).

5

possession, for the recovery of possession or for the value thereof in case a delivery cannot be had and for damages, both punitive and actual, for the detention. If the property has been delivered to the plaintiff and the defendant claims a return thereof, judgment for the defendant may be for a return of the property, or the value thereof, in case a return cannot be had, and damages, both actual and punitive, for taking and withholding the property."). Because Petitioner has an adequate state remedy under South Carolina law, he cannot maintain a § 1983 cause of action. The Court agrees with the Magistrate Judge that summary dismissal is appropriate as to Plaintiff's deprivation of property claim.

For the foregoing reasons, the Court overrules Plaintiff's objections.

## Conclusion

The Court has conducted a thorough review of the entire record, including Plaintiff's complaint, the Magistrate Judge's R & R, Plaintiff's objections to the R & R, Plaintiff's motions, and the declarations submitted by Plaintiff. *See* ECF Nos. 1, 10, 12, 13, 15, 15-1, 16, & 19. For the reasons stated in this order and in the R & R, the Court overrules Plaintiff's objections, finds no error in the Magistrate Judge's R & R, and adopts and incorporates the R & R [ECF No. 10] by reference.

**IT IS THEREFORE ORDERED** that Plaintiff's complaint [ECF No. 1] is **DISMISSED** *without prejudice and without issuance of service of process*. **IT IS FURTHER ORDERED** that all pending motions [ECF Nos. 12, 13, 15, & 21] are **DENIED AS MOOT**.

**IT IS SO ORDERED.**


Florence, South Carolina                                          s/ R. Bryan Harwell
August 10, 2015                                                   R. Bryan Harwell
                                                                  United States District Judge